UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EGV HOLDINGS, LLC,

        Plaintiff,

v.                                    Case No.: 6:23-cv-2000-WWB-LHP

CHATTIN WITH $TAXX LLC and
WILLIAM LAMBERT, III,

        Defendants.
_____/

## ORDER

THIS CAUSE is before the Court upon *sua sponte* review. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985). Where there is doubt as to subject-matter jurisdiction, a court may require the party alleging jurisdiction to submit evidence in support thereof. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). Plaintiff alleges that subject-matter jurisdiction exists under 28 U.S.C. § 1332. (Doc. 1, ¶ 6).

The Complaint alleges that Defendant Chattin with $taxx LLC is a "Connecticut limited liability company with a principal place of business in Connecticut." (*Id.* ¶¶ 5–6). Citizenship of a limited liability company is determined by the citizenship of each member, as opposed to the state of formation or its principal place of business. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The

Complaint therefore fails to sufficiently allege Defendant Chattin with $taxx LLC's citizenship because it does not allege the citizenship of each member.

Furthermore, Plaintiff's blanket assertion that "[t]he members of EG are all citizens and residents of the State of Florida," is insufficient to permit this Court to determine that the exercise of diversity jurisdiction is proper in this case. (*Id.* ¶ 3). Accordingly, Plaintiff must specifically list each of its members and the citizenship thereof to permit this Court to confirm that jurisdiction is proper in this case.

Accordingly, it is **ORDERED** that Plaintiff shall show cause **on or before November 1, 2023**, as to why the Complaint should not be dismissed for want of subject-matter jurisdiction. Failure to do so may result in the dismissal of this case without further notice.

**DONE AND ORDERED** in Orlando, Florida on October 18, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record