**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

EGV HOLDINGS, LLC,

    Plaintiff,

v.                                    Case No:   6:23-cv-2000-WWB-LHP

CHATTIN WITH $TAXX LLC, a
Connecticut limited liability company,
and WILLIAM LAMBERT, III, a/k/a
BILL STAXX, an individual,

    Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION TO DISMISS (Doc. No. 13)**
>
> **FILED:**      December 8, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On October 17, 2023, Plaintiff EGV Holdings, LLC filed a Complaint asserting claims against Defendants William Lambert, III a/k/a Bill Staxx ("Lambert"), and Chattin With $taxx LLC ("Chattin") for slander *per se*, slander, and tortious

interference with a business relationship. Doc. No. 1. On November 13, 2023, Plaintiff properly effectuated service on both Defendants, *see* Doc. No. 9, therefore Defendants were required to respond to the Complaint on or before December 4, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). But Defendants did not answer or otherwise respond to the Complaint by this deadline, and on December 5, 2023, Plaintiff moved for the entry of Clerk's Default. Doc. No. 10. The Court granted the motion on December 7, 2023, and the Clerk entered default on December 8, 2023. Doc. Nos. 11–12.

Also on December 8, 2023, Defendants Lambert and Chattin filed with the Court the above-styled Motion to Dismiss. Doc. No. 13. The motion is signed by Lambert alone, and is filed on behalf of both Defendants. *Id.* The motion has been referred to the undersigned for consideration, and while the deadline for responding has not yet expired, *see* Local Rule 3.01(c), the undersigned does not require a response to resolve the motion. It is due to be denied without prejudice.

First, the motion fails to comply with several Local Rules, including the good faith conferral requirement of Local Rule 3.01(g), and the memorandum of law requirement of Local Rule 3.01(a). Various conclusory statements with citation to one Florida Statute do not constitute a memorandum of legal authority. Indeed, the motion does not even specify which Federal Rule of Civil Procedure forms the basis for the requested dismissal, and the motion raises what appears to be

numerous factual disputes, which would not be within the province of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Flowers v. Patrick*, 869 F. Supp. 2d 1331, 1333 (M.D. Ala. 2012) ("A motion to dismiss mainly tests the legal sufficiency of the complaint.  It does not delve into disputes over the proof of the facts alleged-such a crucible is reserved for the summary judgment stage.") (*citing* Fed. R. Civ. P. 12(b)(6)).  Plaintiffs' *pro se* status does not absolve them of their duty to comply with all applicable Court Orders, Local Rules, and Federal Rules of Civil Procedure.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989).

Second, the motion is filed on behalf of both Defendants, both of whom seek to appear *pro se*.  Doc. No. 13, at 1.  However, an individual proceeding *pro se* may litigate on his or her own behalf, but may not represent the interests of others.  *See Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007) ("Rule 17(c) . . . permits authorized representatives . . . to sue on behalf of minors, but does not confer any right upon such representatives to serve as legal counsel" in a *pro se* capacity); *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) ("The right to appear *pro se*, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others . . . [pro se plaintiff] as a non-lawyer, was not permitted to proceed pro se on behalf of estate."); and

*Hand v. Bibeault*, 400 F. App'x 526, 528 (11th Cir. 2010) ("A non-attorney who is authorized to bring suit on behalf of a party may not appear *pro se* [in federal court] as that party's 'legal counsel,' even where statutes or regulations permit the person to serve as the party's representative in corresponding administrative proceedings."). Further, Chattin is a corporate entity, and "a party, other than a natural person, can appear through counsel only." Local Rule 2.02(b)(2).

Third, and finally, Clerk's Default was entered against both Defendants on December 8, 2023. And while the motion to dismiss is dated December 4, 2023, the mailing envelope for the motion is postmarked December 5, 2023, and the motion was not received by the Court until December 8, 2023, after the deadline to respond had passed. *See* Fed. R. Civ. P. 5(d)(2) (filing by mailing is not complete until the motion or pleading is delivered to an officer of the court authorized to receive it). Thus, at least on the present record, there is nothing suggesting that the entry of Clerk's Default was in error. In order for Defendants to defend against this litigation — and Chattin may only do so via counsel authorized to practice in the Middle District of Florida — Defendants must first successfully move to vacate the Clerk's Default. And no such motion has yet been filed or ruled upon.

Accordingly, for these reasons, the Motion to Dismiss (Doc. No. 13) is **DENIED WITHOUT PREJUDICE**, and Defendants remain in default. *See* Doc. No. 12.[1]

**DONE** and **ORDERED** in Orlando, Florida on December 14, 2023.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The undersigned notes that the Presiding District Judge issued an Order to Show Cause to Plaintiff on the question of subject-matter jurisdiction. Doc. No. 7. Plaintiff has responded, Doc. No. 8, and the Order to Show Cause remains pending before the Presiding District Judge. The pendency of the Order to Show Cause does not impact the rulings in this Order.