# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

EGV HOLDINGS, LLC,

       Plaintiff,

v.                                    Case No:   6:23-cv-2000-WWB-LHP

CHATTIN WITH $TAXX LLC, a
Connecticut limited liability company,
and WILLIAM LAMBERT, III, a/k/a
BILL STAXX, an individual,

       Defendants

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **AMENDED MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 17)**
>
> **FILED:**     October 13, 2023
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

**I.     BACKGROUND.**

On October 17, 2023, Plaintiff EGV Holdings, LLC filed a complaint asserting claims against Defendants William Lambert, III a/k/a Bill Staxx ("Lambert"), and Chattin With $taxx LLC ("Chattin") for slander per se, slander, and tortious interference with a business relationship.  Doc. No. 1.  In sum, Plaintiff alleges Lambert on two separate occasions made defamatory statements about Plaintiff on videos published to the online video platform YouTube by Chattin, specifically falsely claiming (1) members of Plaintiff were currently under federal indictment, (2) that Plaintiff was operating a Ponzi scheme, and (3) that Plaintiff received negative reviews for failing to timely deliver its products.  *Id*. ¶¶ 1–40.  On November 13, 2023, Plaintiff effectuated service on both Defendants, *see* Doc. No. 9, therefore Defendants were required to respond to the complaint on or before December 4, 2023.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).  But Defendants did not answer or otherwise respond to the complaint by this deadline, and on December 5, 2023, Plaintiff moved for the entry of Clerk's Default.  Doc. No. 10.  The Court granted the motion on December 7, 2023, and the Clerk entered default on December 8, 2023.  Doc. Nos. 11–12.[1]

---

[1] Defendant William Lambert, III attempted to appear in this case by filing a motion to dismiss on behalf of both Defendants.  Doc. No. 13.  The Court denied that motion for a variety of reasons on December 14, 2023, (Doc. No. 16), and neither Defendant has otherwise appeared or moved to vacate default since that time.

After denying without prejudice Plaintiff's initial motion for default judgment for failure to supply a memorandum of law as required under Local Rule 3.01(a) (*see* Doc. Nos. 14, 15), Plaintiff filed the above-styled renewed motion for default judgment. Doc. No. 17. Upon review, however, the renewed motion for default judgment will also be denied without prejudice because several outstanding issues preclude the Court from ruling in Plaintiff's favor.

## II.   LEGAL STANDARD.

A "defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] A court may enter a default judgment only if it has jurisdiction over the claims and parties, and if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *See id.* ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This analysis applies equally in the context of motions for default judgment. *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted). However, "charges of common law fraud must comply with Rule 9(b)'s heightened pleading standard." *Birmingham v. Doe*, No. 21-CV-23472, 2022 WL 18134962, at *25 (S.D. Fla. Dec. 6, 2022) (citing *Arnold v. McFall*, 839 F. Supp. 2d 1281, 1286–89 (S.D. Fla. 2011)).

If the plaintiff is entitled to default judgment, then the Court must consider whether the plaintiff is entitled to the relief requested in the motion for default judgment. If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages to be awarded. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore,

in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters."  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages).  Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages.  *See Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985).  However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination of damages."  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).  *See also Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

**III.   ANALYSIS.**

Plaintiff's renewed motion for default judgment (Doc. No. 17) suffers from several deficiencies.  First, Plaintiff fails to establish this Court's subject matter jurisdiction.  There are no claims brought under federal law, and Plaintiff alleges in its complaint that this Court possesses diversity jurisdiction pursuant to 28 U.S.C.

§ 1332.  Doc. No. 1, ¶¶ 1, 6.  Diversity jurisdiction exists only when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  To achieve "complete diversity," no plaintiff may be a citizen of the same state as any of the defendants.  *Id.*

"For purposes of determining diversity jurisdiction, the citizenship of a limited liability corporation (LLC) is the citizenship of each of its members." *Silver Crown Investments, LLC v. Team Real Estate Mgmt., LLC*, 349 F. Supp. 3d 1316, 1324 (S.D. Fla. 2018) (citing *Rolling Greens MPH, L.P, v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam)).  Plaintiff's complaint contains a lone allegation that "[u]pon information and belief, Chattin is a Connecticut limited liability company with a principal place of business in Connecticut."  Doc. No. 1, ¶ 5.  There is no mention of any of Chattin's members, which is therefore insufficient to establish the citizenship of Chattin.  *See Rolling Greens MHP, L.P.*, 374 F.3d at 1022*.  See also Venture Invs. Props., LLC v. Scottsdale Ins. Co.*, No. 3:14-cv-1536-J-34PDB, 2015 WL 269011, at *2 (M.D. Fla. Jan. 21, 2015) (citations omitted) ("Without knowledge of the identity and citizenship of all the members of [the plaintiff LLC], the Court is unable to determine whether complete diversity exists . . .").  In addition, as it pertains to both Lambert and Chattin, Plaintiff's allegations rest "upon information and belief."  Doc. No. 1, ¶¶ 4–6.  Such allegations are

insufficient to support a finding of subject matter jurisdiction. *See Liberty Ins. Underwriters, Inc. v. O&S Holding, LLC*, No. 6:18-cv-302-Orl-40KRS, 2018 WL 6620599, at *1 (M.D. Fla. Mar. 28, 2018) ("[C]ourts have found that allegations made upon 'information and belief' are not sufficient to support jurisdictional allegations.").

"In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction." *Moreno v. Breitburn Fla., LLC,* No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011) (citation omitted). As Plaintiff's complaint fails to adequate plead jurisdiction, and Plaintiff does not address subject matter jurisdiction in the renewed motion (Doc. No. 17), default judgment at this juncture fails. *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts 'are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.'" (quoting *Galindo–Del Valle v. Att'y Gen.*, 213 F.3d 594, 599 (11th Cir. 2000))).

Second, Plaintiff alleges that this Court has general personal jurisdiction over both Lambert and Chattin, but the complaint fails to sufficiently support this allegation. Doc. No. 1, ¶ 7. Under Florida's long-arm statute, general personal jurisdiction exists when a defendant "is engaged in substantial and not isolated activity within this state . . . whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). General personal jurisdiction is based on a defendant's

substantial activity in Florida without regard to where the cause of action arose. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 n. 27 (11th Cir. 2009).

Plaintiff alleges this Court holds general personal jurisdiction over both Defendants solely "due to Lambert's repeated harassing and false allegations made against both [Plaintiff] and its members as discussed herein through Chattin." Doc. No. 1, ¶ 7; Doc. No. 17, at 5. But general personal jurisdiction "arises from a defendant's contacts with the forum that are *unrelated* to the cause of action being litigated," and "require[s] a showing of continuous and systematic general business contacts between the defendant and the forum state." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1292 (11th Cir. 2000) (emphasis added); *see also Unifire, Inc. v. Vilter*, No. 16-80475-CIV, 2017 WL 11884993, at *3 (S.D. Fla. Mar. 31, 2017). Plaintiff makes no argument or allegation in its complaint or motion for default judgment whatsoever supporting general personal jurisdiction beyond the allegedly defamatory actions listed in the complaint. *See* Doc. Nos. 1, 17. Plaintiff thus has not established this Court's general personal jurisdiction over Plaintiff's claims in this matter.[3]

Third, most of the foundational factual allegations in Plaintiff's complaint are stated "upon information and belief." *See, e.g.*, Doc. No. 1, ¶ 35 ("Upon

---

[3] And as discussed below, Plaintiff also fails to sufficiently allege or establish specific personal jurisdiction at this juncture.

information and belief, Lambert was subjectively aware of the probable falsity of the aforementioned statements at the time Chattin published them."); ¶ 38 ("Upon information and belief, the aforementioned defamatory statements were made by Lambert and published by Chattin with actual malice."); ¶ 54 ("Upon information and belief, Lambert's false and defamatory statements made and published in the Videos were disparaging and have produced damage to [Plaintiff] and to [Plaintiff's] name, character and reputation."). "Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard." *Phazzer Elecs., Inc. v. Protective Sols., Inc.*, No. 6:15-CV-348-ORL-31DAB, 2015 WL 7184561, at * 4 (M.D. Fla. Oct. 27, 2015), *report and recommendation adopted*, No. 6:15-CV-348-ORL-31DAB, 2015 WL 7076847 (M.D. Fla. Nov. 13, 2015) (internal citations omitted). *See also Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x. 908, 912 (11th Cir. 2011) ("We have held that 'mere conclusions and unsupported factual allegations, as well as affidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a summary judgment motion.' . . . We believe the same principle applies in the default judgment context here.") (citing *Ellis v. England*, 432 F.3d 1321, 1327 (11th Cir. 2005));[4] *Kennedy v. Taco City 3, Inc.*, No. 6:17-cv-634-Orl-

---

[4] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.

40DCI, 2017 WL 8809626, at *3 n.5 (M.D. Fla. Nov. 22, 2017), *report and recommendation adopted*, 2018 WL 798219 (M.D. Fla. Feb. 9, 2018) (citing *Cohan v. Sparkle Two, LLC*, 309 F.R.D. 655 (M.D. Fla. 2015)) ("A vague allegation made on 'information and belief' is not sufficient to support a motion for default judgment."). Plaintiff's allegations "upon information and belief" render the Court unable to ensure Plaintiff has alleged facts sufficient to support its claims in this case.

Even if the Court were to accept Plaintiff's "upon information and belief" allegations, Plaintiff has not alleged a prima facie claim for slander. Under Florida law, "[d]efamation encompasses both libel and slander." *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378 n.11 (S.D. Fla. 2006) (citation omitted); *see also Henning v. Felty*, No. 6:15-cv-927-Orl-40DCI, 2017 WL 9398641, at *4 (M.D. Fla. June 28, 2017), *report and recommendation adopted*, No. 6:15-cv-927-Orl-40DCI, 2017 WL 3405646 (M.D. Fla. Aug. 9, 2017).[5] Thus, to state a claim for defamation under Florida law, "a plaintiff must allege that (1) the defendant published a false statement (2) about the plaintiff (3) to a third party and (4) that the falsity of the statement caused injury to the plaintiff." *Valencia v. Citibank Int'l*, 728 So.2d 330, 330 (Fla. Dist. Ct. App. 1999); *see also Henning*, 2017 WL 9398641, at *4.[6]

---

See 11th Cir. R. 36-2.

[5] Plaintiff applies Florida law to its claims, and there is nothing before the Court to suggest any other jurisdiction's law should apply.

[6] Under Florida law, statements can be defamatory *per se* or defamatory *per quod*.

- 10 -

Though Plaintiff's complaint repeatedly alleges Lambert made false and harmful comments on his YouTube channel about Plaintiff, Plaintiff nowhere alleges Lambert actually published those statements. *See* Doc. No. 1, ¶¶ 1–69. And as to Chattin, Plaintiff alleges Chattin published the allegedly defamatory statements, but nowhere alleges that Chattin actually made any false or harmful statements, or acted in a negligent manner (presuming Plaintiff is a private citizen). *See id*. *See also Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). To put a finer point on it, while the complaint alleges that Lambert "directs this revenue" to Chattin, (Doc. No. 1, ¶ 13), there is nothing else in the complaint explaining the relationship between the two Defendants. So, while the complaint sprinkles the elements of a defamation/slander claim throughout, all of the elements of a prima facie case are not clearly alleged against each Defendant — even under the liberal *Twombly* pleading standard. *See id*. ¶¶ 1–69. And other than conclusory statements that Plaintiff has pled a *prima facie* case as to all claims, Plaintiff's motion

---

*See Hoch v. Rissman*, 742 So. 2d 451, 457 (Fla. Dist. Ct. App. 1999). A statement is defamatory *per se*, "if, when considered alone without innuendo: (1) it charges that a person has committed an infamous crime; (2) it charges a person with having an infectious disease; (3) it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (4) it tends to injure one in his trade or profession." *Blake v. Giustibelli*, 182 So. 3d 881, 884 (Fla. Dist. Ct. App. 2016) (citations omitted). Plaintiff makes both slander *per se* and slander *per quod* claims in its complaint. *See* Doc. No. 1, ¶¶ 41–69. However, under either theory, the four essential defamation elements must still be properly alleged.

- 11 -

sheds no light as to whether the current allegations are sufficient to state a claim for relief for default judgment purposes.[7]

Plaintiff also fails to state all of the elements of a claim for tortious interference with a business relationship against Chattin. The elements of that claim are as follows: (1) the existence of a business relationship, (2) the defendant's knowledge of that relationship, (3) an intentional and unjustified interference with the relationship, and (4) injury resulting from the breach of the relationship. *Dunn v. Air Line Pilots Ass'n.*, 193 F.3d 1185, 1191 (11th Cir. 1999) (citations omitted). Plaintiff alleges "Chattin knew that publishing Lambert's statements regarding EG would impact EG's business." *Id.* ¶ 74; *see also* ¶ 73. This vague allegation is insufficient to establish Chattin *intended* to unjustifiably interfere with Plaintiff's business relationships. *See Hvide v. Holt Fin. Ltd.*, No. 20-22266-CIV, 2021 WL 8154846, at *13 (S.D. Fla. 2021) ("The defendant must act with specific intent to

---

[7] Plaintiff's attempts to correct this deficiency through the affidavit of Dominic Cicale is unavailing. *See* Doc. No. 17-1. *See also Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). *See also Pinnacle Towers LLC v. airPowered, LLC*, No. 5:15-cv-81-Oc-34PRL, 2015 WL 7351397, at *2 (M.D. Fla. Nov. 20, 2015) (finding that the assertion of new facts in motion for default judgment and supporting affidavit was an impermissible attempt to amend the complaint); *Sabili v. Chase Hotel Mgmt., LLC*, No. 6:10-cv-807-Orl-31KRS, 2011 WL 940230, at *3 (M.D. Fla. Feb. 28, 2011) (finding that because certain assertions of fact were in an affidavit attached to motion for default judgment and were not alleged in the complaint, defendant was not deemed to have admitted them by virtue of its default), *report and recommendation adopted*, 2011 WL 940207 (M.D. Fla. Mar. 17, 2011).

interfere" and with "improper motive or improper methods." (citing *Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Fla.*, 832 So. 2d 810, 814 (Fla. Dist. Ct. App. 2002); *KMS Rest. Corp. v. Wendy's Int'l, Inc.*, 361 F.3d 1321, 1326–27 (11th Cir. 2004)); *see also Applied Concepts Unleashed, Inc. v. Matthews*, No. 14-14255-CV, 2015 WL 11254380, at *4 (S.D. Fla. Feb. 19, 2015) (denying default judgment where the factual allegations were unclear as to support "an intentional and unjustified interference" with a business relationship).[8]

Plaintiff's failure to allege a *prima facie* claim in its complaint also prevents this Court from assessing whether it has specific personal jurisdiction over Defendants. *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802, 808 (11th Cir. 2010) ("In Florida, before a court addresses the question of whether specific jurisdiction exists under the long-arm statute, the court must determine 'whether the allegations of the complaint state a cause of action.'" (quoting *Wendt v. Horowitz*, 822 So. 2d 1252, 1260 (Fla. 2002)). In addition, Plaintiff only specifically mentions Lambert as it pertains to the assertion of specific personal jurisdiction, therefore Plaintiff has wholly failed to allege specific personal jurisdiction over Chattin. *See* Doc. No. 1, ¶ 7; *see also* Doc. No. 17, at 5. And as it pertains even to

---

[8] In contrast, Plaintiff alleges specific intent on the part of Lambert. *See* Doc. No. 1, ¶ 75 ("Lambert made these statements knowingly and intentionally in order to damage EG's ability to conduct business."). Moreover, alleging that Chattin had "actual knowledge" of *Lambert's* intent is insufficient to show that Chattin itself possessed the requisite intent sufficient to establish a claim of tortious interference. *Id.* ¶ 76.

Lambert, Plaintiff fails to properly allege specific personal jurisdiction on the slander claims because Plaintiff fails to allege that any Florida resident actually accessed the allegedly slanderous statements. *See Catalyst Pharm., Inc. v. Fullerton*, 748 F. App'x 944 (11th Cir. 2018) ("A party asserting jurisdiction in Florida over a nonresident defendant for a defamation claim must make a prima facie showing that the purported defamatory statements were not merely accessible to, but also 'accessed by a third party in Florida.' (citing *Internet Sols. Corp. v. Marshall*, 39 So. 3d 1201, 1215 (Fla. 2010)) (emphasis in original); *see also* Doc. No. 1, ¶ 7 (alleging merely that Lambert "purposely directed his activities in Florida and Lambert had knowledge that the effects of his actions would be felt in Florida.").

And finally, Plaintiff does not make a clear request for relief. *See Transp. All. Bank Inc. v. Trax Air, LLC*, No. 6:16-cv-1773-Orl-40DCI, 2017 WL 7355309, at *2 (M.D. Fla. Nov. 20, 2017) ("[E]ven in the default judgment context, '[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]'" (quoting *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003))). In the complaint, Plaintiff seeks "general, special, consequential, actual, statutory, and punitive damages" of at least $75,000, "an accounting to EG for the gains and profits of Lambert and Chattin arising from the unlawful conduct," a permanent injunction barring Defendants and any business associates of Defendants from "making, disseminating, broadcasting, or publishing any

statements that EG or its members are under federal indictment, engage in fraudulent behavior, and/or fail to deliver their product"; an order requiring Defendants to retract and remove all defamatory statements regarding Plaintiff, prejudgment and post-judgment interest, and attorney's fees and costs. *Id.*, at 14–15.

In contrast, in Plaintiff's motion for default judgment, Plaintiff requests $250,000 in punitive damages, but also requests the Court enter judgment "solely as to liability for all Counts of [Plaintiff's] Complaint and retain jurisdiction to determine damages." Doc. No. 17, at 2, 8.[9] Thus it is unclear whether Plaintiff is still requesting general, special, consequential, actual, statutory damages, pre-or-post-judgment interest, attorneys' fees, or costs (and there is no argument in the motion even suggesting entitlement to these damages exists under applicable law), whether Plaintiff is still seeking an accounting (and again whether such relief is permitted under applicable law), and the requested injunctive relief still remains insufficiently narrowly tailored (and again there is no legal authority provided that would permit such relief under the claims asserted). *See* Doc. No. 15. Thus, in the absence of any such argument or explanation, the Court is not able to ascertain what damages there are to be determined at some later proceeding.

---

[9] A subsequent hearing to determine damages goes to the quantification of same, not entitlement.

## IV. CONCLUSION.

For these reasons, Plaintiff's renewed motion for default judgment is **DENIED without prejudice**. A renewed motion for default judgment, which shall be filed within **twenty-one (21) days** from the date of this Order, must be supported by a memorandum of legal authority addressing all of the issues identified in this Order. The motion must contain citation to relevant legal authority, and pinpoint citations to the allegations of the complaint to support the arguments presented. Plaintiff cannot cure pleading deficiencies (other than subject matter jurisdiction) via affidavits or extrinsic evidence.

Alternatively, within **twenty-one (21) days** from the date of this Order, Plaintiff may file a second amended complaint, should Plaintiff deem it necessary to do so. If Plaintiff chooses to file an amended complaint, it must then be served in compliance with either Federal Rules of Civil Procedure 4 or 5, as appropriate.

**DONE** and **ORDERED** in Orlando, Florida, on April 9, 2024.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record